IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTON WALTRIP, NATHANIEL
COOLEY, JAMES ACEVEDO, and
MELVIN SANCHEZ, et al.

    *Plaintiffs*,

v.                                                                                          No. 1:24-cv-00672-SMD-KK

TRANSWOOD LOGISTICS, INC.,
TRANSWOOD, INC., and
TRANSWOOD CARRIERS, INC.,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND AND CONDITIONAL CERTIFICATION

This matter comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint and Motion for Conditional Certification, filed on September 30, 2024. Doc. 15 ("Pls.' Mot. for Leave to Amend"); Doc. 14 ("Pls.' Mot. for Conditional Cert."). Defendants filed their Response in Opposition to Conditional Certification on October 29, 2024. Doc. 22 ("Defs.' Resp."). Plaintiffs filed their reply brief on November 12, 2024. Doc. 25 ("Pls.' Reply"). Upon review of the Parties' arguments and the relevant law, the Court will GRANT Plaintiffs' Motions for Leave to Amend and Conditional Certification and will authorize notice as discussed herein.

## BACKGROUND

TransWood Logistics, Inc., TransWood, Inc., and TransWood Carriers, Inc. (collectively "Defendants") provide bulk transportation and logistics services throughout North America. Defs.' Resp. at 2. Plaintiffs are a group of employees who were previously employed by Defendants as truck drivers to haul crude oil within New Mexico. Pls.' Mot. for Leave to Amend at 3. In addition to their transportation duties, Plaintiffs allege that they often spent "between 20 and 25 hours" each week "on tasks unrelated to picking up and dropping off loads of crude oil."

1

Doc. 1 ("Compl.") ¶ 38.  For instance, Plaintiffs state that they waited between pickups and drop offs, tested oil for proper density, traveled to locations where oil could not be drawn, filled out paperwork, and attended mandatory meetings before or after shifts.  *Id.*  Truck drivers typically worked a "5-2-5-3" schedule, wherein they "would work five days, have two days off, work five days, and then have three days off before the schedule repeats."  *Id.* ¶ 5.  Two Plaintiffs allege that they consistently worked more than forty hours per week, estimating that they worked 12 to 14 hours per day five to six days per week.  *Id.* ¶ 12.  Plaintiffs and Defendants agree that truck drivers were classified as piecework employees and paid per mile hauled, rather than per hour worked, and that they did not receive overtime compensation.  *Id.* ¶ 39; Defs.' Resp. at 7.

Plaintiffs assert that, because they were required to perform work other than delivering crude oil, their piecework employee designation was improper.  "To the extent that truck drivers could otherwise be designated as piecework employees, this practice of requiring the truck drivers to perform these non-integral services for the Defendants without compensation defeats this designation."  Compl. ¶¶ 33, 39.  Plaintiffs further claim that Defendants used their piecework classification to illegally deny them overtime wages.  *Id.* ¶ 50.

Plaintiffs now seek recovery through collective action under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA").  *Id.* ¶¶ 66, 67; 29 U.S.C. § 203; N.M. Stat. § 50-4-21(C).  Their complaint proposes two classes—the "New Mexico Class" and the "National Class."  Compl. ¶ 45.  The New Mexico class includes truck drivers who hauled oil exclusively within New Mexico; the national class encompasses all other truck drivers who drove primarily intrastate in other states.  *Id.* ¶ 46.  Both groups are limited to "all current and former truck drivers who worked over forty hours in at least one week within the three years

preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours." *Id.* ¶¶ 45, 47.

Before the Court are two of Plaintiffs' motions, one for leave to amend their complaint and one for conditional certification of the proposed classes under the FLSA. Pls.' Mot. for Leave to Amend; Pls.' Mot. for Conditional Cert. The motion for leave to amend was filed prior to the Parties' Rule 16 scheduling conference and adds three new named plaintiffs to the action. Pls.' Mot. for Leave to Amend, Ex. A ¶¶ 11–13. It also expands Plaintiffs' requested relief to include quantum meruit recovery. *Id.* ¶¶ 76–77. Plaintiffs' second motion asks for conditional certification of the New Mexico class and for authorization to send notice to potential class members in accordance with § 216(b) of the FLSA. Pls.' Mot. for Conditional Cert. at 8. Defendants oppose conditional certification and object to Plaintiffs' related request for production of former and current employees' phone numbers. Defs.' Resp. at 1. Defendants only oppose the Plaintiffs' motion to amend insofar as it seeks to certify a class. Pls.' Mot. for Leave to Amend, Ex. B at 1.

## DISCUSSION

### I. Motion for Leave to Amend

A court should "freely give" plaintiffs leave to amend their complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). A motion to amend should only be denied if there is evidence of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

This is Plaintiffs' first motion to amend their complaint, and Defendants have not raised any objections regarding the motion's timeliness, motive, or fairness. The motion was filed before the Court set initial case management deadlines and there is no evidence of undue delay on the Plaintiffs' part. *Cf. Minter*, 451 F.3d at 1206 (explaining that undue delay exists where a party delays their request for amendment "to make the complaint a moving target, to salvage a lost cause by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal") (internal quotations and citations omitted); *see, e.g.*, *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming denial of leave to amend where motion was filed "eight months after the original complaint and over five months after a previous amended complaint"). The Court has likewise concluded that granting Plaintiffs' motion will not prejudice Defendants, nor is it driven by bad faith. *See Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 975 (D.N.M. 2018) (granting motion to amend because it "was not unduly delayed and it was made in good faith"). Accordingly, the Court grants Plaintiffs' motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason… the leave sought should, as the rules require, be 'freely given.'"); *Martinez v. Cornell Corr. of Tex., Inc.*, 229 F.R.D. 236, 238 (D.N.M. 2005). Plaintiffs must file the proposed amended complaint attached to their motion within ten days of this order being entered.

## II.     Motion for Conditional Certification

The Court now turns to Plaintiffs' motion for conditional certification. Under the FLSA, employees may bring a collective action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike Rule 23 class actions, FLSA class actions are only binding on individuals who opt into the class. *Id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party, and such consent is filed in the court in which such action is brought."). As a result, notice must be sent to "similarly

situated" employees prior to class certification so that they may decide whether to join the suit. *Id.*; *Olivas v. C & S Oilfield Servs., LLC*, 349 F. Supp. 3d 1092, 1108 (D.N.M. 2018).

The FLSA does not explain what it means for employees to be "similarly situated," but the Tenth Circuit has endorsed a two-step ad hoc approach to making this determination. *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) ("Arguably, the *ad hoc* approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards."). First, in the "notice" or "conditional certification" stage, the court makes a preliminary determination as to whether the proposed class members are "similarly situated." *Thiessen*, 267 F.3d at 1102. Conditional certification is "not really a certification," but the exercise of the court's "discretionary power … to facilitate the sending of notice to potential class members." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (internal marks and alterations omitted) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)). If the court finds that the plaintiffs are similarly situated, notice is sent to putative class members and discovery proceeds on the merits. The court then, at the close of discovery, uses a more demanding standard to reevaluate whether those who have opted in are "similarly situated." *Thiessen*, 267 F.3d at 1103.

At the first stage, the plaintiff's burden is "lenient." *Id.* Plaintiffs "need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Olivas*, 349 F. Supp. 3d at 1109 (quoting *Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 375–76 (N.D.N.Y. 1995)). The court "does not decide weigh the evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1267 (D. Kan. 2013). Still, conditional certification is not "automatic." *Guarriello v. Asnani*, 517 F. Supp. 3d 1164, 1172

5

(D.N.M. 2021). Plaintiffs must offer "at least some evidence beyond unsupported factual assertions" to meet the initial "similarly situated" inquiry. *Id.* Courts have found that this burden is met where the putative class members had the same employer, shared similar duties, or were subject to the same form of wage calculation. *See, e.g.*, *Landry v. Swire Oilfield Servs., LLC*, 252 F. Supp. 3d 1079, 1118 (D.N.M. 2017) (granting conditional certification whether proposed classes included "employees with similar positions" who had "essentially the same primary duties"); *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1314 (D.N.M. 2017) (granting conditional certification where employees "worked for the same employer, performed largely similar duties and their allegations of FLSA violations [were] derived from the same alleged practices"). If the proposed class members are "similarly situated," plaintiffs must then present "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102; *Bustillos v. Bd. of Cnty. Comm'rs of Hidalgo Cnty.*, 310 F.R.D. 631, 647 (D.N.M. 2015).

    Once conditional certification is obtained, the plaintiffs send "court-approved notice to employees… who in turn become parties to a collective action only by filing written consent with the court." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 449 (2016) (internal quotations and citations omitted). After discovery concludes, the court revisits the "similarly situated" inquiry and asks whether has demonstrated "sufficient similarity between the named and opt-in plaintiff to allow the matter to proceed to trial on a collective basis." *Calvillo*, 267 F. Supp. at 1310–11 (quoting *Heckler v. DK Funding, LLC et al.*, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007)). The court considers the "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings

required." *Thiessen*, 267 F.3d at 1103; *see, e.g.*, *Pruess v. Presbyterian Health Plan, Inc.*, 745 F. Supp. 3d 1218, 1248 (D.N.M. 2024) (applying *Thiessen* factors to second-stage analysis); *see also Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004) (explaining that *Thiessen* factors are reviewed at the second stage of certification).

Plaintiffs seek conditional certification of "all TransWood Drivers performing driving services for Defendants," from July 1, 2021 to present, for a collective action seeking unpaid overtime wages. Pls.' Mot. for Conditional Cert. at 2. "In general, if putative class members are employees with similar positions, allegations that the defendants 'engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy, or plan." *Foster v. Nova Hardbanding, LLC*, No. CV 15-1047, 2016 WL 4492829, at *2 (D.N.M. Apr. 20, 2016) (quoting *Renfro v. Spartan Comput. Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007)). The Court will therefore address (1) whether the proposed class members held similar positions while employed by Defendants and (2) whether they were victims of a single policy denying them overtime.

A. The Parties' Arguments

Plaintiffs and Defendants agree that the first step of *Thiessen*'s ad hoc analysis is the appropriate test for Plaintiffs' request for conditional certification and that the standard is "lenient." Pls.' Mot. for Conditional Cert. at 4; Defs.' Resp. at 5. Unsurprisingly, however, they disagree as to whether Plaintiffs meet it. Pls.' Mot. for Conditional Cert. at 3; Defs.' Resp. at 5. Plaintiffs argue that the named and potential plaintiffs are similarly situated because they shared the same "primary job duty" and were "subject to [an] identical pay practice." Pls.' Mot. for Conditional Cert. at 3. "All putative class members were former drivers for the Defendants, who were employed to haul crude oil throughout New Mexico" and allegedly performed a variety of

7

tasks unrelated to hauling. *Id.* at 6. Furthermore, Plaintiffs allege that the drivers suffered a common injury of working over 40 hours each week without overtime compensation. *Id.* at 7. "Since Defendants had a pattern of not paying truck drivers overtime, all putative class members are similarly situated and should be allowed to proceed together in this litigation." *Id.* at 8.

Defendants counter that Plaintiffs have failed to show "that the factual and employment settings were not disparate." Defs.' Resp. at 4. Specifically, Defendants maintain that Plaintiffs cannot be similarly situated since they worked under "different managerial staff, enforcement, pay rates, and day-to-day work requirements." *Id.* Defendants emphasize that within New Mexico it operates "two distinct service centers with disparate personnel: two distinct employment settings." *Id.* at 5. Even if the Plaintiffs are similarly situated, Defendants argue that the purported FLSA violation cannot sustain conditional certification. *Id.* at 6. Though Defendants admit that they uniformly classified truck drivers as piecework employees and denied them overtime compensation, they aver that Plaintiffs have not "provided any evidence" that this label is erroneous. *Id.*

Plaintiffs' Reply reiterates the arguments in their initial motion and adds several supporting documents, including Plaintiff Melvin Sanchez's Declaration, six settlement statements from former TransWood truck drivers, and a rate sheet outlining pay per loaded mile. Pls.' Reply, Exs. A–H. Plaintiff Sanchez states that he "averaged between sixty and seventy hours per week hauling crude oil for TransWood" and corroborates that the attached rate sheet accurately reflects how TransWood drivers are compensated. *Id.*, Ex. A. Regarding potential opt-in members, Plaintiff Sanchez believes there are "many other drivers who would be interested in joining." *Id.* The rate sheet states a graduated compensation schedule for loaded miles. *Id.*, Ex. B. The various settlement statements include the pay periods for multiple former

8

TransWood truck drivers and substantiate that they were paid "per piece," rather than per hour. *Id.*, Exs. C–H.

   B. Analysis

The Court finds that the proposed class members are similarly situated and that the allegations sufficiently establish they were "victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. All proposed members shared a common job title—truck driver—and performed a common primary duty—hauling crude oil. Compl. ¶¶ 37–38; *Olivas*, 349 F. Supp. 3d at 1111 (approving conditional certification where proposed class members "shared the same primary duties"). Plaintiffs describe numerous tasks, beyond driving, that may have entitled them to overtime compensation, such as testing oil density and filling out paperwork. Pls.' Mot. for Conditional Cert. at 6. While there may be differences between the employees' exact day-to-day activities, they would all, if proven, undermine the drivers' piecework classification. *See Key v. Butch's Rat Hole & Anchor Serv., Inc.*, No. CIV 1701171, 2018 WL 4222392, at *5 (D.N.M. Sept. 5, 2018). Plaintiffs also outlined the common shift schedule that drivers worked, alternating between five days on and two or three days off. Compl. ¶ 8. Plaintiff Sanchez's declaration corroborates the complaint's allegation that truck drivers often worked over forty hours per week. Pls.' Reply, Ex. A. Because the putative class members all worked as truck drivers for the same employer, had similar schedules, and were allegedly harmed by a nationwide policy, they are "similarly situated." *See Bustillos*, 310 F.R.D. at 665 (finding correctional officers were similarly situated because they shared the same employer, had similar job duties, and were allegedly injured by the same FLSA violation); *Calvillo*, 267 F. Supp. at 1314 (granting conditional certification where putative plaintiffs "worked for the same employer, performed largely similar duties, and their allegations of FLSA violations are derived

from the same alleged practices of either not paying for overtime hours worked or miscalculating those hours").

Defendants' pleas to the contrary are unpersuasive. Defendants argue that Plaintiffs worked "disparate" jobs in "different employment settings." Defs.' Resp. at 4. They support this contention with the broad statement that Plaintiffs worked under "different managerial staff, enforcement, pay rates, and day-to-day work requirements." *Id.* Defendants do not specify how each workplace differed, nor do they explain why these idiosyncrasies outweigh the putative class members' commonalities. General allegations that the Plaintiffs are not "identical" do not impede conditional certification. *Landry*, 252 F. Supp. 3d at 1114 (explaining that the notice stage does not demand that plaintiffs "show that their job duties are identical"); *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 913 (D. Kan. 2021) (noting that at the collective certification stage, "[t]he court looks for *similar*, not identically situated parties"); *Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1303 (D. Kan. 2010) (same). Moreover, even if there are discrepancies in Plaintiffs' employment conditions, identifying them is a fact-based inquiry and is best addressed after discovery. *Greenstein*, 948 F. Supp. 2d at 1269 ("Defendant's arguments regarding local office autonomy and differences in job responsibilities raise fact questions which are better suited for determination at the second stage of analysis."). Defendants will have the opportunity to identify any substantive discrepancies in managerial staff and work requirements after discovery. For now, the substantial overlap in Plaintiffs' job titles, hours, and job duties is sufficient. *See Landry*, 252 F. Supp. 3d at 1120 ("That the operators' specific job duties at the well sites varied somewhat does not prevent the Court from finding them similarly situated.").

Similarly, Defendants' complaint that "it is impossible for Plaintiffs to know what the rate of pay of all TransWood drivers for both New Mexico locations was" is premature. Defs.' Resp.

at 5. For one, employees who receive differing rates of pay may still be conditionally certified. *See Shockey*, 730 F. Supp. 2d at 1303 ("The Court is not persuaded that an employer can avoid conditional certification so long as each facility is alleged to have violated the FLSA in varying increments."); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1169 (D. Kan. 2006) (holding that, if anything, "differing compensation plans goes to damages," not conditional certification); *cf. Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002) ("It is well established that individual questions with respect to damages will not defeat class certification[.]") (quotation omitted). Even if there are significant discrepancies in compensation structures such that collective action is infeasible, this information simply cannot be ascertained prior to opt-in and discovery. *Calvillo*, 267 F. Supp. 3d at 1313 ("Defendants further contend that the putative plaintiffs have no knowledge about Plaintiffs' pay practice regarding fellow casing employees… This issue would be taken up in the second stage of the analysis."). Thus, Plaintiffs' inability to demonstrate that each truck driver received identical compensation does not defeat their claim. *Landry*, 252 F. Supp. 3d at 1121 (granting conditional certification for overtime claims and finding that it was "immaterial" that "some operators had different pay provisions").

The Court also finds Defendants' criticism that Plaintiffs "do not present a shred of documentary evidence" to "show factual and employment settings were not disparate" unavailing. Defs.' Resp. at 5. Demanding documentary evidence at the notice stage misstates the Plaintiffs' burden. *Thiessen* instructs that plaintiffs must provide "nothing more" than substantial allegations. 267 F.3d at 1102. Courts have rejected attempts to import additional hurdles into the conditional certification stage. *See, e.g.*, *Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1237 (D.N.M. 2020) (rejecting defendant's argument that plaintiffs must

11

"demonstrate interest by others in joining" a collective action to receive conditional certification); *Howard v. Centrinex, LLC*, No. 15-9918, 2016 WL 1701818, at *3 (D. Kan. Apr. 28, 2016) (rejecting defendants argument that allegations were not substantial and finding that "defendants' suggestion that plaintiffs must submit evidence from [] 'other employees' is not supported by case law"). Plaintiffs are only responsible for offering "some factual basis" for their claims. *Calvillo*, 267 F. Supp. at 1315 (explaining that conditional certification "requires no actual evidence to be presented, but only "substantial allegations"). Plaintiffs meet and exceed this burden. In addition to their complaint, Plaintiff Sanchez's Declaration and the attached settlement sheets support that truck drivers were paid per loaded mile, as well as the contention that they worked more than 40 hours per week. Pls.' Reply, Exs. A, C–H; *cf. Kerr v. Allred Oilfield Servs., LLC*, No. 20-CV-00477, 2020 WL 6799017, at *4 (D.N.M. Nov. 19, 2020) ("While Plaintiffs submit only one declaration, this fact alone does not support denial of conditional certification."). Plaintiffs have therefore established that they were "similarly situated." *Thiessen*, 267 F.3d at 1102.

The Court next concludes that Plaintiffs have shown that they were the victims a "single policy." The complaint, rate sheet, and Plaintiff Sanchez's declaration provide consistent, specific illustrations of how Defendants' compensated truck drivers. *Cf. Maestas v. Day & Zimmeramn, LLC*, Civ. No. 09-019, 2009 WL 10706238, at *2 (D.N.M. Nov. 13, 2009) (denying motion for conditional certification on the grounds that it could not "certify a class where Plaintiffs' motion fails to provide some evidence of an unlawful policy or an instance in which Plaintiffs were unfairly compensated"). The cases Defendants include to show otherwise are inapposite. Defs.' Resp. at 4. Where plaintiffs have failed to establish a "policy," they often rely on information specific to only themselves and lack evidence that other employees experienced

comparable violations. *See, e.g.*, *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) (denying conditional certification where plaintiff "did not provide any affidavits, much less the names of other second assistant managers who shared the same job duties as himself were victims of the defendant's purported policy of purposefully under-staffing defendant's restaurants"); *Sanchez v. JMP Ventures, LLC*, No. 13 Civ. 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (finding that plaintiff had not sufficiently alleged a policy where the only evidence of a "common practice" was from the plaintiff's unspecified "observations" and "conversations"); *Eagle v. Freeport-McMoran, Inc.*, No. 15-CV-00577, 2016 WL 7494278, at *5 (D.N.M. Aug. 3, 2016) ("Plaintiffs['] allegations suggest at best that his paystubs may contain mistakes. Potential payroll errors do not suggest a particular decision, policy, or plan to unlawfully deny overtime.").

Plaintiffs' motion does not suffer from the same shortcomings at those mentioned above and any doubts regarding the sufficiency of Plaintiffs' factual allegations are resolved by the Defendants' own admission that they exempt truck drivers from the FLSA's overtime provisions. Defs.' Resp. at 6 ("TransWood has properly classified their drivers as exempt from the overtime protections offered to employees under the MWA."); *Colbert v. Monarch Transp., LLC*, No. 13-CV-4126, 2015 WL 339320, at *4 (D. Kan. Jan. 23, 2015) ("Plaintiff here has something that the plaintiff in *Stubbs* did not have: an admission by defendant that the policies in question were, in fact, the policies of the employer. This admission is enough to satisfy the notice-stage standard that plaintiff present "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."). On its own, Defendants' recognized classification of all truck drivers as "piecework" employees makes the putative class members "victims of a single decision, policy or plan." *Landry*, 252 F. Supp. 3d at 1126.

Lastly, the Court agrees with Plaintiffs' observation that "Defendants' denial of illegality of their failure to pay overtime does not help them here." Pls.' Reply at 3. Whether Plaintiffs were properly classified, and thereby exempt from the FLSA's overtime provision, goes to the merits of this dispute and is not an appropriate ground for denying conditional certification. *Landry*, 252 F. Supp. 3d at 116; *Greenstein*, 948 F. Supp. 2d at 1267. The Court does not review the merits of a plaintiff's claim during conditional certification and district courts within the Tenth Circuit have consistently refused to do so. *Calvillo*, 267 F. Supp. 3d at 1313 ("Defendants also argue that conditional certification is not appropriate because Plaintiffs fail to offer evidence other than conclusory allegations, that their alleged experience of not being paid for off-the-clock activities was shared by other employees. However, these issues go more to the merits of this case rather than to conditional certification, which at this initial stage requires no actual evidence to be presented."); *Flynn v. Colonial Mgmt. Grp.*, 23-cv-00128, 2023 WL 7165194, at *15 n. 5 (D.N.M. Oct. 31, 2023) ("[T]his argument raises factual disputes regarding the merits of Plaintiffs claims and the amount of damages she may be entitled to" which is not resolved at the conditional certification stage). The Court will not address the merits of Plaintiffs' claim, nor weigh in on whether Defendants properly exempted their truck drivers. Because Defendants' have admitted to the pay-per-load policy and that they routinely exempt truck drivers from the FLSA's overtime requirements, Plaintiffs have demonstrated a "single policy" applicable to the proposed class.

Given the above analysis, Plaintiffs' complaint, combined with the proffered exhibits, meet *Thiessen*'s "lenient" standard for conditional certification. Defendants' arguments to the contrary are unsuitable for this stage of litigation and will be addressed after discovery ends. The Court therefore grants the Plaintiffs' motion for conditional certification.

**III.     Notice**

The final issue is Plaintiffs' request to send notice via U.S. mail and e-mail, as well as their demand that Defendants provide contact information for the putative class members. Pls.' Mot. for Conditional Cert. at 8–9. The FLSA's provisions are "remedial and humanitarian in purpose" and necessitate that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche*, 493 U.S. at 170. Here, Plaintiffs request an order requiring Defendants to produce "all contact information including names, birth dates, driver's license numbers, all known telephone numbers, all known email addresses, all known addresses, and dates of employment for all of the Class Members." Pls.' Mot. for Conditional Cert. at 8. Plaintiffs also seek authorization to contact potential class members through U.S. mail and email. *Id.* at 9. They propose sending notice twice; "the first time within seven days of receiving the list of putative class members from Defendants and a second time 30 days after, but only to those class members who have not yet submitted their Consent Forms." *Id.*

Defendants oppose Plaintiffs' request for all known telephone numbers. Defs.' Resp. at 7. Defendants' objection is two-fold. First, they express concern over the "fluid" nature of telephone conversations and the potential for "one-sided, solicitous" comments. *Id.* at 7. Second, Defendants urge the court to limit Plaintiffs to a "single, court-authorized process," rather than permitting them to utilize both phone numbers and e-mails to contact putative class members, on the grounds that authorizing numerous forms of communication is "dissonant with the intent of the FLSA statute." *Id.* In the alternative, Defendants asks the Court to order the Parties to confer regarding the proposed notice or that the Parties submit briefing "addressing all aspects of the content of the notice and consent form." The Plaintiffs have already agreed to the

Defendants' request to confer in their reply. Pls.' Reply at 4.

To begin, Defendants appear to protest a form of notice that Plaintiffs have not suggested. Plaintiffs propose to notify the putative class through "regular U.S. mail and email." Pls.' Mot. for Conditional Cert. at 9. At no point do they mention using these phone numbers to send notice or in any way contact class members. Concerns about the "fluid" or biased nature of phone conversations are therefore not pertinent to the Courts' consideration of Plaintiffs' request. The Court does, however, acknowledge that Plaintiffs' possession of class members' phone numbers would give them access to "highly personal" information, regardless of how it is used. *Roggenkamp v. Bold Transp., Inc.*, Case No. 21-cv-02036, 2021 WL 7209984, at *4 (D. Kan. June 16, 2021). District courts overseeing the distribution of FLSA notice have taken a range of approaches to balancing this worry with the importance of providing notice that is "timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 172; *see Roggenkamp*, 2021 WL 7209984, at *4 (denying request for telephone numbers); *Gonzalez v. Wicked Taco, LLC*, No. 23-CV-9555, 2025 WL 353972, at *16 (E.D.N.Y. Jan. 31, 2025) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action."), *recons. denied*, No. 23-CV-9555, 2025 WL 900507 (E.D.N.Y. Mar. 25, 2025); *Pinkston v. Wheatland Enter., Inc.*, No. 11-CV-2498, 2013 WL 1191207, at *4 (D. Kan. Jan. 8, 2014) (permitting production of phone numbers but limiting their use to "verify[ing] contact information" and "verify[ing] receipt of notice"); *Porter v. W. Side Rest., LLC*, No. 13-1112, 2014 WL 1642152, at *13 (D. Kan. Apr. 24, 2014) (granting request for telephone numbers without limitation).

Plaintiffs have not explained what purpose the telephone numbers would serve, and,

16

without this information, the Court cannot justify compelling their disclosure.  Plaintiffs' motion is similarly lacking explanation of the need for individuals' dates of birth and driver's license numbers.  The Court therefore declines Plaintiffs' request for their production as well.  Regarding notice via U.S. mail and email, the Court finds these methods are appropriate forms of notice.  Courts routinely permit the use of multiple contact methods to ensure that class members are aware of their right to join the action.  *See, e.g.*, *Guarriello*, 517 F. Supp. 3d at 1177 (authorizing FLSA notice through U.S. Mail and email); *Landry*, 252 F. Supp. 3d at 1129 (authorizing FLSA notice through U.S. mail, email, and text messages); *Williamson v. Ameriflow Energy Servs., LLC*, Civ. No. 15-878, 2016 WL 10179367, at *6 (D.N.M. May 17, 2016) (allowing notice through mail and email and noting that "dual notice is now common in the Tenth Circuit").  Defendants are ordered to produce a class list with the names, all known addresses, all email addresses, and dates of employment.

Thus, the Court orders Defendants to provide Plaintiffs, within 14 days of the Court's Order, a class list in electronic and importable format containing first and last names, all known addresses, all known email addresses, and dates of employment for the included individuals.  Per Defendants' request, the Parties shall confer over the timing and content of notice within 30 days of entry of this order.

CONCLUSION

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion for Leave to File First Amended Complaint* is **GRANTED**. Plaintiffs must file their amended complaint no later than ten days after entry of this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that *Plaintiffs' Motion for Conditional Certification* is **GRANTED** and this Court **CONDITIONALLY CERTIFIES** the following collective:

> All of Defendants' current and former truck drivers who worked in New Mexico and who worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

**IT IS FURTHER ORDERED** that this Court approves of supervised notice and the requested notice methods, but **DENIES** certain of Plaintiffs' requests for production, as described above. The Parties are ordered to confer over the content and timing of notice within 30 days of entry of this Order.

**IT IS SO ORDERED.**

_____

**SARAH M. DAVENPORT**

**UNITED STATES DISTRICT JUDGE**